## O'Neill v. Schuster

*Kilker & Kilker*, for plaintiff.

*Harry W. Lightstone* and *L. L. Frank*, for defendant.

CURRAN, J., February 1, 1943.—This matter is before the court on defendant's rule for a more specific statement of claim.

This is an action in assumpsit and is brought by Mrs. Anna O'Neill against defendant, Vincent Schuster, upon an oral contract to guarantee an investment of $1,000 made on her behalf by her son, the Rev. Dennis F. O'Neill.

A summons was issued and a statement of claim filed on March 12, 1942. Defendant then filed a motion to strike off the statement of claim, which rule was dismissed in the opinion of this court on June 22, 1942. On July 13, 1942, defendant issued this rule upon plaintiff to show cause why she should not file a more specific statement of claim.

It is alleged that the fourth and fifth paragraphs of the statement of claim are lacking in particularity insofar as they fail to reveal the nature of the agency

granted by plaintiff to her son, the Rev. Dennis F. O'Neill.

Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires that a statement of claim be concise in form and clearly state the material facts upon which plaintiff relies for his claim. It is not necessary that plaintiff plead the evidence by which he hopes to prove these facts, nor is it necessary for him to prove inferences or conclusions of law: Zaner v. Shearer & Co., 10 D. & C. 796.

It has been decided that in cases where agency is pleaded it is sufficient to aver that the agent had the authority and made the contract. It is not necessary to show the nature of the agency nor the instrumentality by which it was created: Franklin Sugar Refining Co. v. J. P. Hollinger & Co., 2 D. & C. 754.

The second objection of defendant is that the statement of claim does not set forth the location of the oil well in which plaintiff made the investment of $1,000. This would clearly be evidential in character and not a fact material to this issue. This cause of action is based upon the guaranteeing of the investment by defendant and not upon the buying of an interest in any particular oil well. For this reason it is obvious that the particular oil well is not of great moment, nor a material fact upon which plaintiff bases her claim.

The third objection of defendant is that the statement of claim is not specific insofar as it does not set forth the dates upon which defendant is alleged to have guaranteed the investment after having done so originally on July 29, 1938. This objection is also without merit as plaintiff clearly relies upon the original promise and the repetition of the guaranty is merely cumulative evidence of this fact.

We are of the opinion that plaintiff's statement meets the requirements of section 5 of the Practice Act, supra, and that the matters objected to by de-

fendant would require plaintiff to plead matters of evidence and are not necessary and essential facts.

And now, to wit, February 1, 1943, defendant's rule for a more specific statement of claim is dismissed, and defendant is given 15 days within which to file an affidavit of defense.